## N THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHEARON HAWKINS,

    Plaintiff,

vs.                                                                  No. 2:25-cv-00212-GJF-DLM

O'REILLY AUTOMOTIVE
STORES, INC.,

    Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, O'Reilly Automotive Stores, Inc., by and through its attorneys of record, Butt Thornton & Baehr PC (Agnes Fuentevilla Padilla), and for its Answer to Plaintiff's Complaint (hereinafter "Plaintiff's Complaint"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the place of Plaintiff's residence. Defendant admits Plaintiff worked in Lea County for Defendant.

2. In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits that O'Reilly Automotive Stores, Inc. is a foreign corporation headquartered at 233 South Patterson Ave., Springfield, MO, 65802, doing business in New Mexico. Defendant denies the remaining allegations in Paragraph 2.

3.     Paragraph 3 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  Defendant affirmatively states that Plaintiff seeks to vindicate rights alleged under both Federal and New Mexico law.

4.     Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required. Defendant admits that at the time of her separation from employment, Plaintiff worked at Store 3885 located in Lovington, New Mexico. Defendant denies the remaining allegations in Paragraph 4.

5.     Paragraph 5 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  Defendant states this matter is properly before the United States District Court for the District of New Mexico.

### Statement of Facts

6.     Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.     Defendant admits that a former team member wrote inappropriate words on a dry erase board in the back of the store. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendant admits the former team member admitted that he wrote the words on the white board contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of Plaintiff's

Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. In response to the allegations contained in Paragraph 14 of Plaintiff's Complaints, Defendant admits the offending team member was terminated but denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT I

**Violation of Title VII Of The Civil Rights Act Of 1964, As Amended 42 U.S.C. §§ 2000e. ET SEO.**

24. The allegations contained in the Violation of the Civil Rights Act of 1964 section of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent a response is required, Defendant states the law speaks for itself.

25. Paragraph 25 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extend a response is required. To the extent a response is required, Defendant denies the same.

26. Defendant denies the allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegation contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT II

### Violation Of The New Mexico Human Rights Act NMSA 1978 § 28-1-7

35. Defendant incorporates the preceding paragraphs by reference as if set forth fully in this section.

36. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

37. Defendant denies the allegation contained in Paragraph 36 of Plaintiff's Complaint.

38. Defendant denies the allegation contained in Paragraph 37 of Plaintiff's Complaint.

39. Defendant denies the allegation contained in Paragraph 38 of Plaintiff's Complaint.

40. Defendant denies the allegation contained in Paragraph 39 of Plaintiff's Complaint.

41. Defendant denies the allegation contained in Paragraph 40 of Plaintiff's Complaint.

42. Defendant denies the allegation contained in Paragraph 41 of Plaintiff's Complaint.

43. Defendant admits the allegation contained in Paragraph 42 of Plaintiff's Complaint.

44. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

45. Defendant denies the allegation contained in Paragraph 44 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is eligible for or entitled to the relief requested in her Prayer for Relief..

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff was an at-will employee, terminable for any reason or for no reason at all.

3. Plaintiff fails to substantiate her claim that Defendant discriminated against her or created a hostile work environment.

4. To the extent Plaintiff has failed to exhaust her administrative remedies under the Title VII or the NMHRA, this procedural prerequisite deprives this Court of subject matter jurisdiction over the claims contained in the Complaint.

5. To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

6. Plaintiff may have failed to timely file this Complaint under applicable statutes of limitations and may have failed to comply with pre-suit requirements to exhaust administrative remedies applicable to causes of action plead.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

8. Any and all actions taken by Defendant affecting Plaintiff were taken for reasons other than Plaintiff's protected class or protected activity.

9. Plaintiff violated policies and procedures of Defendant.

10. Plaintiff has not suffered any legally cognizable damage.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

12. To the extent Plaintiff was involved in any improper activities or engaged in the same conduct about which Plaintiff now complains or failed to properly notice and act upon such conduct, Plaintiff is estopped from recovering.

13. Some or all of Plaintiffs claims cannot be litigated because they are beyond

the scope of Plaintiffs administrative charge, were not subject to administrative investigatory or conciliation processes, and were not included in any determination by the Equal Employment Opportunity Commission.

   14. At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

   15. Each and every action taken by Defendant with respect to Plaintiff was based upon reasonable factors other than the alleged unlawful factor(s).

   16. Defendant would have made the same decisions regarding Plaintiff regardless of any alleged protected status or activity.

   17. Plaintiff's complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to any unlawful consideration.

   18. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

   19. Defendant did not know, or have reason to know, of the alleged harassment.

   20. Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior to which Plaintiff was allegedly subjected.

   21. Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

   22. Plaintiff's claims are barred because Plaintiff participated in the complained

of conduct.

23. To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

24. Plaintiff's termination of employment was solely the result of legitimate business reasons and there is no evidence of discriminatory intent or motive.

25. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in Plaintiff's Complaint and any damages which Plaintiff allegedly suffered.

26. Plaintiff's Complaint fails to state facts to justify an award of punitive damages.

27. Plaintiff's claim for punitive damages is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United State of America as well as Article 2, Section 13, and Article 2, Section 18, of the Constitution of the State of New Mexico in that, under the fats of this case, any award of punitive damages is not justified and will constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

28. Any claims for punitive damages are barred or subject to the limitations imposed by the United States and New Mexico Constitutions and are disallowed under the New Mexico Human Rights Act.

29. Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward Plaintiff. Defendant engaged in good faith efforts to comply with all the applicable law, and therefore cannot be held liable for punitive damages.

31. Any and all actions taken by Defendant affecting Plaintiff were taken for

reasons other than Plaintiff's protected class or protected activity, instead based on legitimate non-discriminatory rationale.

32. Plaintiff's claims are barred to the extent Plaintiff seeks injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiff has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Defendants.

33. Defendant reserves the right to assert any and all additional defenses that may be discovered during the course of this litigation and these are expressly not waived in this pleading as they are not reasonably known to responding party at this time.

WHEREFORE Defendant, O'Reilly Automotive, Inc., having fully answered Plaintiff's Complaint, prays that the Court dismiss the action against it with prejudice, award costs incurred in defending this action, and for such other and relief as the Court deems appropriate.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Agnes Fuentevilla Padilla*
Agnes Fuentevilla Padilla
*Attorneys for Defendant*
P.O. Box 3170
Albuquerque, NM  87190-3170
(505) 884-0777
afpadilla@btblaw.com

I HEREBY CERTIFY that on the 28th day of
February, 2025, I filed the foregoing electronically
through the CM/ECF system, AND I FURTHER
CERTIFY that on such date I served the foregoing
on the following non-CM/ECF participants
in the manner indicated:

Benjamin Gubernick
Curtis Waldo

WGLA, LLP
Email: ben@wglawllp.com
       curtis@wglawllp.com

/s/ *Agnes Fuentevilla Padilla*
Agnes Fuentevilla Padilla