UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHEARON HAWKINS,

      Plaintiff,

v.                                                                      Civ. No. 25-212 GJF/DLM

O'REILLY AUTOMOTIVE STORES, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint ("Motion"). Dkt. No. 20. The Motion is fully briefed. *See* Dkt. No. 22 (response); Dkt. No. 23 (reply). Having thoroughly considered the briefs and the relevant law, the Court will **GRANT** the Motion.

**I. BACKGROUND**

On April 21, 2025, the Court entered a Scheduling Order giving Plaintiff until May 21, 2025, to amend her complaint or join additional parties. Dkt. No. 15 at 1. On the day of the amendment deadline, Plaintiff moved for leave to file her First Amended Complaint ("FAC"). *See* Dkt. No. 20. The FAC proposes to add a claim of racial discrimination and retaliation pursuant to 42 U.S.C. § 1981. *See* Dkt. No. 20-1 (Count II). Defendant objects to Plaintiff's proposed amendment on the ground that the amendment is futile. Dkt. No. 22 at 2.

**II. APPLICABLE LEGAL STANDARDS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a pleading where "justice so requires." Rule 15(a)(2) aims to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural

niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). If the movant fails to satisfy Rule 15(a)'s "justice so requires" standard, the district court does not abuse its discretion in denying a motion to amend. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019) (citation omitted).

### III. ANALYSIS

In her proposed FAC, Plaintiff seeks to add a claim against Defendant pursuant to 42 U.S.C. § 1981 based, *inter alia*, on Defendant's alleged wrongful termination of her employment on the basis of her race. Dkt. No. 20-1 ¶ 41. Underlying her proposed § 1981 claim are allegations that Defendant "refused to contract" with her based on her race and would not have terminated her if she was not black and had not reported racial harassment. *Id.* ¶ 41.

Subsection (a) of § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." § 1981(a). When Congress later enacted the Civil Rights Act of 1991, it added subsection (b), which provides that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits privileges, terms, and conditions of the contractual relationship." § 1981(b) (emphasis added). Together, subsections (a) and (b) prohibit discriminatory conduct that occurs before and after a contractual relationship is established. *See* § 1981(a)–(b); *see also Hopkins v.*

2

*Seagate*, 30 F.3d 104, 105 (10th Cir. 1994) (reasoning that the termination of contracts is included in the protections afforded by § 1981, as amended).

In its singular argument in opposition to Plaintiff's Motion to Amend, Defendant contends that granting Plaintiff leave to amend is futile because the FAC fails to allege facts sufficient to sustain a claim under 42 U.S.C. § 1981. Dkt. No. 22 at 2. In support, Defendant relies on what it describes as "persuasive arguments" from the Seventh Circuit in *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). Just as Plaintiff proposes to do here, the plaintiff in *Gonzalez* asserted a § 1981 claim arising from her at-will employment relationship with the defendant. *Id*. at 1035. In examining her claims, the Seventh Circuit reasoned that an at-will employment relationship does not dictate an employee's "term of employment" and, therefore, at-will employees do not have contractual rights concerning the term of their employment. *Id*. The court suggested without deciding that the plaintiff's at-will employment with the defendant was insufficient to support a claim under § 1981. *Id*. ("Arguably, since Gonzalez was an employee at-will, and did not have any contractual rights regarding the term of her employment, she cannot claim that she was discriminated against with respect to [her] layoff."). According to Defendant, it follows that Plaintiff, who was also an at-will employee, fails to allege sufficient facts to support a contractual relationship, and her FAC therefore fails to state a claim under § 1981. Dkt. No. 22 at 4.

For her part, Plaintiff insists that a case decided by the Tenth Circuit shortly before *Gonzalez* "expressly authorize[s] [her] to bring the cause of action she seeks to add." Dkt. No. 23 at 1. In *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999), the Tenth Circuit expressly considered *and rejected* the Seventh Circuit's rationale in *Gonzalez*, opting instead to adopt the reasoning of the Fourth and Fifth Circuits in permitting § 1981 claims for wrongful termination in the context

of at-will employment relationships. *See Perry*, 199 F.3d at 1133 (citing *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1020 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1058 (5th Cir. 1998)). The Tenth Circuit explained that although the plaintiff was an at-will employee, her relationship with her employer was nevertheless "contractual." *Id*. at 1133 (citing *Melnick v. State Farm Mut. Auto. Ins. Co*., 749 P.2d 1105, 1109 (N.M. 1988)). And the court's holding was quite clear: "The great weight of well-reasoned authority supports this court's conclusion that the employment-at-will relationship encompasses sufficient contractual rights to support section 1981 claims for wrongful termination." *Id*. (citations omitted).

Although Defendant acknowledges the Tenth Circuit's on-point decision in *Perry* in a footnote, it emphasizes that the United States Supreme Court has not yet addressed the viability of § 1981 wrongful termination claims in the context of at-will employment relationships and, accordingly, seeks "to preserve the argument for purposes of appeal." Dkt. No. 22 at 3 & n.1. The Supreme Court's failure to address the issue notwithstanding, this Court is constrained to follow *Perry*, which has been the law in this Circuit for a quarter-century. That decision compels this Court to conclude that Plaintiff's at-will relationship with Defendant encompassed sufficient contractual rights to support her proposed § 1981 claim.  Defendant offers no reason apart from its own preference for the Seventh Circuit's reasoning in *Gonzalez* that this Court should resolve the instant Motion in Defendant's favor and not in accordance with the binding precedent in *Perry*.

At this stage, the Court cannot consider Plaintiff's proposed amendment to be futile or otherwise against the interests of justice. The Court therefore will permit Plaintiff to amend her complaint as proposed.

4

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 20) is **GRANTED**. Plaintiff shall file her First Amended Complaint within ten (10) days of entry of this Order.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*