**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SHEARON HAWKINS,
      Plaintiff,

                                      No. 2:25-CV-00212-GJF-DLM

v.

O'REILLY AUTOMOTIVE
STORES, INC,

      Defendant.

## FIRST AMENDED COMPLAINT

Plaintiff Shearon Hawkins ("Hawkins" or "Plaintiff"), by and through undersigned counsel, and with leave of Court as ordered on October 16, 2025, files this First Amended Complaint for damages and in support states the following:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Shearon Hawkins is a resident of Yoakum County, Texas. During the time relevant to this Complaint, she worked in Lea County, New Mexico.

2.      Defendant O'Reilly Automotive Stores, Inc. ("O'Reilly") is a nationwide chain of automotive repair stores. O'Reilly is a foreign corporation headquartered at 233 South Patterson Ave, Springfield, MO 65802, which does business in New Mexico. It can be served via its registered agent at CT Corporation System, 206 S. Coronado Avenue, Espanola, NM 87532.

3.      Subject matter jurisdiction is proper because, through this action, Plaintiff seeks to vindicate rights afforded her by federal and New Mexico law.

4.      Personal jurisdiction is proper because substantially all alleged misconduct occurred in New Mexico. The relevant O'Reilly store at which Plaintiff was employed is located at 525 W. Ave. D, Lovington, NM 88260 (the "Lovington O'Reilly").

5.      Venue is proper because the cause of action originated in Lea County, NM.

1

**STATEMENT OF FACTS**

6.      Plaintiff was employed at the Lovington O'Reilly from around July 2020 through October 22, 2024.

7.      Plaintiff is a Black woman, and at times relevant to this Complaint was the only Black person working at the Lovington O'Reilly.

8.      In early May 2024, in a break room at the Lovington O'Reilly where employees often congregated, another O'Reilly employee wrote several insensitive racial obscenities on a whiteboard where normally the weekly schedule was posted.

9.      For example, the other O'Reilly employee wrote "nigger," "cotton picker," "monkey," "jigga boo," "poarch monkey" [*sic*], "jungle warrior," and "mellon muncher" [*sic*].

10.     Plaintiff has a picture of this whiteboard.

11.     These racial slurs were aimed at Plaintiff, as she was the only Black person working at the Lovington O'Reilly, and as an employee she would have seen the whiteboard.

12.     These racial slurs were intended to harass and intimidate Plaintiff on the basis of her race and create a hostile working environment.

13.     Plaintiff reported the incident to her managers and to the O'Reilly human resources department.

14.     The managers did nothing, but the human resources department eventually terminated the offending employee.

15.     Over the next several months, other O'Reilly employees harassed Plaintiff based on her race—for example, calling her "nigger."

16.     Plaintiff told her store manager she should not have to endure this mistreatment.

17.     Plaintiff made similar complaints to human resources.

18.     Yet, the store manager and human resources department did nothing, and Plaintiff

continued to endure this harassment based on her race.

19.    Around mid-October 2024, Plaintiff was trying to get to work, but there was a bad traffic accident.

20.    She called her store manager to notify the manager she would be 15 minutes late.

21.    The store manager used this "incident" as a pretextual reason to recommend Plaintiff be terminated, which O'Reilly did on or around October 22, 2024.

22.    In reality, the store manager recommended Plaintiff's termination as discrimination against Plaintiff on account of her race.  The store manager also did not like that Plaintiff was raising concerns about how she was being treated based on her race, and the manager, acting via O'Reilly, wished to punish Plaintiff in retaliation for speaking up.

23.    After the incident with the whiteboard, a customer of the Lovington O'Reilly contacted O'Reilly's corporate headquarters and informed headquarters that Plaintiff was being discriminated against on the basis of her race.

24.    After this call, O'Reilly took no steps to improve working conditions at the Lovington O'Reilly based on the customer's report.

25.    Instead, the manager of the Lovington O'Reilly recommended Plaintiff's termination due to his belief that Plaintiff had reported her racial harassment.

26.    Plaintiff has experienced damages in the form of lost earnings and mental anguish.

## COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 U.S.C. §§ 2000e, ET SEQ.

27.    Plaintiff incorporates all foregoing paragraphs as if fully stated here.

28.    Plaintiff is a member of a protected class based on her race.

29.    Plaintiff was performing her job in a manner consistent with Defendant's legitimate expectations.

30.        Defendant discriminated against Plaintiff by, among other things, harassing her, subjecting her to a hostile work environment, and terminating her.

31.        Defendant also retaliated against Plaintiff on account of Plaintiff's reporting that she was being harassed based on her race.

32.        Defendant acted with a willful and wanton disregard for Plaintiff's rights.

33.        Plaintiff's race was a motivating factor in Defendant's harassment and termination of Plaintiff.

34.        As a direct result of Defendant's actions, Plaintiff experienced damages including mental anguish and loss of income.

35.        On or around December 11, 2024, Plaintiff dual-filed a charge of discrimination with the New Mexico Human Rights Bureau ("NMHRB) and the Equal Employment Opportunity Commission ("EEOC").

36.        On or around January 15, 2025, Plaintiff received a right-to-sue letter on her discrimination charges from the NMHRB and EEOC.

37.        Defendant acted with evil intent or was reckless or callously indifferent to Plaintiff's federally protected rights, such that punitive damages are warranted.

<u>COUNTY II</u>

<u>RACIAL DISCRIMINATION AND RETALIATION UNDER SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981</u>

38.        Plaintiff incorporates all foregoing paragraphs as if fully stated here.

39.        Plaintiff is a member of a protected class based on race.

40.        Defendant refused to contract with Plaintiff based on her race.  Defendant would not have terminated Plaintiff had she not been black, and had she not reported the fact she was being harassed based on her race.

41.     Defendant engaged in intentional discrimination and retaliation against Plaintiff on account of her race.  Defendant retaliated against Plaintiff for complaining about the racial discrimination against her.

42.     But for Defendant's discrimination and retaliation, Plaintiff's harm (being harassed and ultimately terminated) would not have occurred.

43.     Plaintiff has experienced damages in the form of lost wages and mental anguish. Plaintiff seeks all damages to which she is entitled.

44.     Defendant acted with evil intent or was reckless or callously indifferent to Plaintiff's federally protected rights, such that punitive damages are warranted.

**COUNT III**

**VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT NMSA 1978 § 28-1-7**

45.     Plaintiff incorporates all foregoing paragraphs as if fully stated here.

46.     Plaintiff is a member of a protected class based on race.

47.     Plaintiff was performing her job in a manner consistent with Defendant's legitimate expectations.

48.     Defendant discriminated against Plaintiff by, among other things, harassing her, subjecting her to a hostile work environment, and terminating her.

49.     Defendant acted with a willful and wanton disregard for Plaintiff's rights.

50.     Plaintiff's race was a motivating factor in Defendant's mistreatment of Plaintiff.

51.     As a direct result of Defendant's actions, Plaintiff experienced damages including mental anguish and loss of income.

52.     On or around December 11, 2024, Plaintiff dual-filed a charge of discrimination with the NMHRB and the EEOC.

53.     On January 15, 2025, Plaintiff received a right-to-sue letter on her discrimination charges from the NMHRB.

54.     Defendant acted with evil intent or was reckless or callously indifferent to Plaintiff's protected state rights, such that punitive damages are warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter an order granting Plaintiff the following relief.

a.     Enter a Judgment against Defendant finding that they are liable to Plaintiff;

b.     Award compensatory damages for all of Plaintiff's claims;

c.     Award punitive damages;

d.     Award the costs and expenses of this case, including attorneys' fees where permitted;

e.     Award pre-judgment and post-judgment interest;

g.     Award all other further and general relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Date:  October 21, 2025

**WGLA, LLP**

By:___*/s/ Curtis Waldo*_____
Benjamin Gubernick (SBN 145006)
Curtis Waldo (SBN 163604)
WGLA, LLP
ben@wglawllp.com
curtis@wglawllp.com
Telephone (346) 277-0287
(713) 306-0512
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I caused the foregoing document to be served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

_*/s/ Curtis Waldo*_____
Curtis Waldo